UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv60427

WILLIAM FARBMAN,

    Plaintiff,

v.   **COMPLAINT**

CENTRAL CREDIT SERVICES, LLC.,

    Defendants.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff WILLIAM FARBMAN ("Plaintiff"), seeks redress for the unlawful conduct of Defendant CENTRAL CREDIT SERVICES, LLC ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Florida Statute § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and in support thereof, Plaintiff states the following:

## INTRODUCTION

1. The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting

15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. The FCCPA "is a Florida state analogue to the federal FDCPA, and both statutes are intended to eliminate abusive practices used by debt collectors." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *1 (M.D. Fla. Jan. 10, 2017) (*citing* 15 U.S.C. § 1692a(6) & Fla. Stat. § 579.72); *quoting* Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836 (11th Cir. 2010)).

4. The Florida Legislature enacted the FCCPA to "further define[] and protect[] an individual's right of privacy." Fla. Stat. §559.552. The FCCPA operates to overlap and expand the FDCPA, and "any discrepancy between the [FDCPA and FCCPA] should be construed as to provide the consumer (or debtor) the greatest protection." Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (citing Fla. Stat. §559.552.)).

11. As set forth in more detail below, Defendant violated the several portions the FDCPA and FCCPA. Plaintiff now seeks relief for the same.

## JURISDICTION AND VENUE

12. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

13. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

14. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within this District.

## DEMAND FOR JURY TRIAL

15. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. See Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830

(11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

16. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

17. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

18. Defendant is a Florida Limited Liability Company, with its principal place of business located in Jacksonville, Florida.

19. Defendant is a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

20. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

21. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

22. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes on an unsecured line of credit Plaintiff had maintained with the original creditor.

23. The original creditor of the Consumer Debt was Washington Mutual Bank (the "Original Creditor").

24. The current creditor of the Consumer Debt is unknown as the Collection Letter at issue omits such information.

25. The unsecured line of credit was held by Plaintiff personally, as a consumer, for the purchase of goods and services.

26.     The Consumer Debt is the result of Plaintiff having utilized credit to purchase goods and services to Plaintiff's own benefit, as well as the benefit of Plaintiff's family and members of Plaintiff's household.

27.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

28.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

29.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

30.     On or about February 7, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

31. As shown in the excerpt below, in the Collection Letter, Defendant makes the following statements:

> The law limits the amount of time that you can be sued to collect the debt from you and that time period varies by state. There is a possibility that this period of time has expired, and that you cannot be sued by the creditor. You should be aware that certain actions you might take and other circumstances can revive this time period.
>
> Your balance may increase due to the accumulation of interest.

Exhibit A-Collection Letter.

32.     Plaintiff allegedly defaulted on the Consumer Debt more than ten years ago and Plaintiff has made no payment on or toward the Consumer Debt since defaulting.

33.     The Consumer Debt is a time-barred debt. *See* Fla. Stat. §95.11(2).

34. Florida law prohibits Defendant from commencing any legal action to collect the Consumer Debt from Plaintiff. Id.

35. The Collection Letter states that the "Balance" of the Consumer Debt is $5,841.18. *See* Collection Letter.

36. The Collection Letter requests that Plaintiff contact Defednant to "discuss a **settlement offer**." *See* Collection Letter (emphasis added.)

37. Defendant could lawfully sue to collect the otherwise time-barred Consumer Debt from Plaintiff if Plaintiff were to enter into any sort of "settlement" with Defendant as Defendant consistently urges Plaintiff to do in the Collection Letter.

38. The Collection Letter does not advise Plaintiff that Consumer Debt **is in fact time-barred** or that making a partial payment towards the Consumer Debt **will** revive the statute of limitations.

39. Instead, the Collection Letter leads Plaintiff and the least-sophisticated consumer to wonder with legitimate concern whether or not his or her debt is time-barred.

40. The Collection Letter does not advise Plaintiff that if Plaintiff were to agree to any "settlement offer" or enter any "settlement" as Defendant urges, the current-creditor could then sue Plaintiff for the full amount of the Consumer Debt that was previously time-barred.

41. Furthermore, as shown above and in the Collection Letter, Defendant states that "Your balance may increase due to the accumulation of interest."

42. Given such a statement, Plaintiff believed, and the unsophisticated consumer would believe, that the alleged debt may increase due to interest, and therefore the balance of the alleged debt was good only through the date of the Letter.

43. In fact, the balance of the alleged debt was fixed, as the debt had been charged off by the original creditor in February 2007.

44. The amount of the alleged debt at the time of charge-off has not changed.

45. The original creditor ceased sending statements to Plaintiff and ceased charging interest or other fees at the time of charge off.

46. The original creditor thus waived any right to assess further interest or other charges on the alleged debt.

47. Defendant, nor its client ever intended to add any additional interest to the amount of the alleged debt and Defendant's threat to do so was a false threat.

48. The Letter causes unsophisticated consumers to incorrectly believe that they will financially benefit from sending immediate payment since the amount due "may increase due to the accumulation of interest" if not paid.

49. As discussed in more detail below, Defendant's false, misleading and abusive tactics to collect on time-barred debts violate several provisions of the FDCPA and FCCPA.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e and § 1692f**

50. Plaintiff incorporates the preceding Factual Allegations.

51. Defendant violated § 1692e and 1692f of the FDCPA because the collection letters received by Plaintiff, in light of the least sophisticated consumer standard, were deceptive, misleading, unfair, and an unconscionable attempt to collect a time-barred debt.

52. First, the Collection Letter *does not* inform the least sophisticated consumer that the current-creditor absolutely **cannot** sue Plaintiff to collect the time-barred Consumer Debt. Defendant's statement in the Collection letter that:

> "The law limits the amount of time that you can be sued to collect the debt from you and that period varies by state [and] [t]here is a possibility that this period of time has expired, and that you cannot be sued by the creditor"

is overly vague (e.g.: what "*law*;" what is meant by "*limits*;" how long is "*long*;" which "*debts*;" and "who is the creditor?"[1]) ambiguous in relevance (e.g., the Collection Letter *does not state* the Consumer Debt is *in fact* a debt which the "law" has "limited" Plaintiff from being "sued;" the letter does not state who the current creditor is; and the letter refers to "settlements" and "settlement offers" which further leads Plaintiff and the least-sophisticated consumer to believe that he could be sued). Buchanan v. Northland Group, Inc., 776 F.3d 393, 399 (6th Cir. 2015) (reversing dismissal of FDCPA claim involving a letter that used the term "settlement offer" and stating, "The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. The general rule in [this state] is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk.") (internal citation omitted).

53. As discovery will show, Defendant and its client (the *current creditor,* whomever it may be) knew fully-well that the Consumer Debt is time-barred by the applicable statute of limitations; Defendant could have simply stated that fact as many debt collectors unequivocally state in their letters when collecting time-barred debt. Instead, Defendant chose to intentionally

---

[1] Although the Collection Letter identifies the original Creditor, the Collection Letter does not identify the current creditor.

mislead with ambiguity and forced uncertainty to the detriment of Plaintiff in order to attempt to increase its bottom-line.

54. Furthermore, Defendant's statement that "*There is a possibility that this period has expired, and that you cannot be sued by the creditor [and] [y]ou should be aware that certain actions you might take, and other circumstances can revive this period*" makes things even worse for Plaintiff and the least-sophisticated consumer. Such a statement causes the least-sophisticated consumer to now have a fear that he or she *may* actually be subjected to being sued for the debt when in reality, he or she absolutely can't be sued. Such a false and misleading belief, *created by Defendant*, serves to make the least-sophisticated consumer lean towards paying the debt to avoid being sued. This is the emotion that Defendant intended to create in order to increase its collection rate of worthless time-barred debts. This type of conduct is precisely the type of abusive conduct that the FDCPA was enacted to eradicate and prohibit.

55. Second, the Collection Letter *does not* inform the least sophisticated consumer that if the consumer made, or even agreed to make, a partial payment towards the underlying debt, the consumer would restart the clock on the long-expired statute of limitations, in effect brining a long-dead debt back to life. <u>Smothers v. Midland Credit Mgmt., Inc.</u>, 2016 WL 7485686, at *5 (D. Kan. Dec. 29, 2016) ("The least sophisticated consumer most certainly would not be aware that making a payment could make the debt judicially enforceable again—particularly when the collector tells the consumer that the law limits how long she can be sued and that the collector will not sue. Explaining to the consumer all of the benefits she will receive by making payments on a stale debt, while neglecting to address [] law that would make the debt judicially enforceable again, is a misrepresentation of the character and legal status of the debt under the FDCPA. The court

determines as a matter of law that defendant violated the FDCPA by sending the letter to plaintiff.").

56. Instead of being upfront and telling Plaintiff or the least-sophisticated consumer that a payment towards the debt or "settling" the debt would eliminate Plaintiff's iron-clad protections of the statute of limitations, Defendant ambiguously and confusingly states that "You should be aware that *certain actions* you might take, and [that] *other circumstances* can revive this period." Plaintiff did not know what "actions" or "circumstances" could revive the debt, nor is it reasonable to believe that the least-sophisticated consumer would know either.

57. Further, Defendant builds upon its deceptive scheme by nefariously offering the possibility of "settling" this matter and entering into "settlement terms" which to the consumer, on its face, appears to save the consumer money, but, in reality, saves the consumer ***nothing***. In fact, any potential "settlement" agreement by Defendant only "saves" *one* thing – it *saves* the Consumer Debt *from remaining dead*, *in that, it saves the debt from remaining barred by the statute of limitations*. McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1021 (7th Cir. 2014) (addressing a letter that offered to "settle" a debt and stating, "The fact that both [] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable.").

58. In a recent decision, the Seventh Circuit issued its decision in Pantoja v. Portfolio Recovery Assocs., LLC, 2017 WL 1160902 (7th Cir. Mar. 29, 2017)[2] whereby the court directly

---

[2] cert. denied, 17-255, 2018 WL 410911 (U.S. Jan. 16, 2018).

addressed the *same issue* which Plaintiff now raises before this Court in search of relief. In relevant part, the Pantoja court encapsulated the matter before it as follows:

> The point of controversy here concerns efforts to collect consumer debts on which the statute of limitations has expired when the effort does *not* involve filing or threatening a lawsuit. Compare McMahon v. LVNV Funding, LLC, 744 F.3d at 1020 (7th Cir. 2014) (dunning letters offering to "settle" time-barred debts could violate Act by leading debtors to believe the debts were legally enforceable); Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507, 509 (5th Cir. 2016) (effort to collect is not automatically unlawful, but letter violates FDCPA if it could lead unsophisticated consumer to believe her time-barred debt is legally enforceable); and Buchanan v. Northland Group, Inc., 776 F.3d 393, 397 (6th Cir. 2015) (reversing dismissal on pleadings; offer to settle time-barred debt could violate Act by failing to disclose that suit would be time-barred or that partial payment would remove statute of limitations bar), with Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 33 (3d Cir. 2011) holding that attempt to collect a time-barred debt was permissible if litigation not threatened), and Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001) (same)

Pantoja, 2017 WL 1160902 at *2. In addressing said issue, the Seventh Circuit – without provocation – opined that "the opportunities for mischief and deception, particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers, may well be so great that the better approach is simply to find that any such efforts violate the FDCPA's prohibitions on deceptive or misleading means to collect debts, § 1692e, and on 'unfair or unconscionable means' to attempt to collect debts, § 1692f." Id. at 3.

59.     Further, the Middle District of Florida, in Baez v. LTD Fin. Services, L.P., certified a class comprised of all Florida persons who received a collection letter from defendant which sought partial payment of a time-barred debt without disclosing that making a partial payment would revive the debt under Florida law, thus subjecting the class member to legal action to enforce the full amount of the debt. *See* 2016 WL 3189133, at *2 (M.D. Fla. June 8, 2016); *see also* Id.

(entering Final Judgment against the defendant, whereby the class was to recover $49,000 in statutory damages for the deceptive collection letter which the defendant dispatched to class, consistent with the class definition).

60. Shifting back to Pantoja, the Seventh Circuit, after having served both the facts and law, affirmed the district court's summary judgment for the plaintiff, stating:

> We agree with the district court's two reasons for finding that the dunning letter here was deceptive. First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt. Either is sufficient reason to affirm summary judgment for the plaintiff.

Pantoja, 2017 WL 1160902 at *2

61. Accordingly, Defendant violated § 1692e and 1692f of the FDCPA by failing to sufficiently inform the least sophisticated consumer that the Consumer Debt was *absolutely* time-barred, and by failing inform the least sophisticated consumer that the Consumer Debt would be revived if if the consumer agreed to a "settlement offer" as Defendant invites Plaintiff to do in the Collection Letter.

### *COUNT II.*
### **VIOLATION OF 15 U.S.C. § 1692e and § 1692f**

62. Plaintiff incorporates the preceding Factual Allegations.

63. Defendant misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692f when it falsely stated the balance of an alleged debt may increase due to interest, when in fact the balance would not change at a later date. See Collection Letter.

64. 15 U.S.C. § 1692e of the FDCPA provides as follows:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . (2) The false representation of—
 (A) the character, amount, or legal status of any debt; or…

. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…

. . . (10) The use of any false representation or deceptive means to
collect or attempt to collect any debt or to obtain information
concerning a consumer. . . .

65. Defendant misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely stated the balance of an alleged debt subject to potential "increase due to the accumulation of interest," when in fact the balance would not change at a later date.

66. A Letter is misleading to an unsophisticated consumer if it falsely implies a possible outcome – namely the imposition of "interest"- that cannot legally come to pass. Boucher v. Fin. Sys. of Green Bay, Inc., No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018).

67. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. Id. (citing Muha v. Encore Receivable Mgmt., Inc., 558 F.3d 623, 628 (7th Cir. 2009)). Here, Defendant's misrepresentation that the balance was increasing would make Plaintiff more likely to pay the alleged debt out of concern that the balance would be higher if he waited until some future date to pay.

68. In fact, the balance of the alleged debt was fixed, as the debt had been charged off by the original creditor in February 2007.

69. The amount of the alleged debt at the time of charge-off has not changed.

70. The original creditor ceased sending statements to Plaintiff and ceased charging interest or other fees at the time of charge off.

71. The original creditor thus waived any right to assess further interest or other charges on the alleged debt.

72. Defendant, nor its client ever intended to add any additional interest to the amount of the alleged debt and Defendant's threat to do so was a false threat.

73. The Letter causes unsophisticated consumers to incorrectly believe that they will financially benefit from sending immediate payment since the amount due "may increase due to the accumulation of interest" if not paid.

74. Defendant could have easily avoided any confusion by simply not including the statement that the amount of the debt may increase due to interest or other charges.

### *COUNT III.*
### **VIOLATION OF 15 U.S.C. § 1692e and § 1692f**

75. Plaintiff incorporates the preceding Factual Allegations.

76. Defendant violated Fla. Stat. §559.72(9) by knowingly making false assertions regarding Plaintiff's legal rights with regards to the Consumer Debt.

77. As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – sections 1692e and 1692f. As set forth in more detail above, Defendant violated §§ 1692e and 1692f. For instance, Defendant knew that there was no possibility of the accumulation of interest. Defendant also communicated to Plaintiff in ways that intentionally created ambiguity to the detriment of Plaintiff and for the benefit of Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: February 28, 2018

                                                Respectfully Submitted,

                                                /s/ Jibrael S. Hindi                                   .
                                                **JIBRAEL S. HINDI, ESQ.**
                                                Florida Bar No.: 118259
                                                E-mail:   jibrael@jibraellaw.com
                                                THE LAW OFFICES OF JIBRAEL S. HINDI
                                                110 SE 6th Street, Suite 1744
                                                Fort Lauderdale, Florida 33301
                                                Phone:     954-907-1136
                                                Fax:        855-529-9540

                                                *COUNSEL FOR PLAINTIFF*